UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>   Plaintiff,<br><br> v.<br><br>GOODWILL OF SILICON VALLEY,<br><br>   Defendant. | Case No.  21-cv-08410-SVK<br><br>**ORDER SUA SPONTE DISMISSING UNRUH ACT CLAIM WITHOUT PREJUDICE** |

  Plaintiff's Complaint in this case contains two causes of action:  (1) violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"); and (2) violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53 ("Unruh Act").  Dkt. 1.  Plaintiff asserts that the Court has federal question jurisdiction over the ADA claim and supplemental jurisdiction over the Unruh Act claim.  *Id.* ¶¶ 5-6.

  On June 26, 2022, Plaintiff filed a "Notice of Indication of Mootness of ADA Claim for Injunctive Relief," which stated that Defendant had provided sufficient evidence that it had remediated all alleged barriers to access at the business that is the subject of this lawsuit.  Dkt. 12.  According to Plaintiff, "[t]his suggests Plaintiff's claim for injunctive relief [is] moot."  *Id.*

  The Court ordered the Parties to file a joint status report by July 13, 2022 with a joint proposed schedule for resolving the remaining issues in the case.  Dkt. 13.  The Parties timely filed a joint status report in which Defendant requests that the Court dismiss the remaining Unruh Act claims on its own motion or, in the alternative, set a deadline for Defendant to file a motion to dismiss.  *Id.*  Plaintiff takes the position that the Court continue to exercise supplemental jurisdiction over the Unruh Act claim.  *Id.*

  Under the circumstances of this case, the Court finds it appropriate to dismiss the Unruh Act claim *sua sponte,* without requiring Defendant to file a motion to dismiss.  Plaintiff has

indicated that his sole federal law claim is moot, and therefore the only remaining claim is Plaintiff's claim under California's Unruh Act. *See* Dkt. 14. As a state law claim, that claim is before the Court only pursuant to the Court's supplemental jurisdiction." *See Arroyo v. Rosas,* 19 F.4th 1202, 1209-10 (9th Cir. 2021); *see also* 28 U.S.C. § 1367(a). Courts in this District have declined to exercise supplemental jurisdiction over Unruh Act claims, regardless of the status of their parallel ADA claim, because "the strong comity concerns identified by the Ninth Circuit in *Arroyo* outweigh any countervailing considerations of economy and efficiency that might be adversely affected by requiring [the plaintiff] to refile his Unruh Act in state court" and because allowing an Unruh Act to proceed in district court "would countenance a wholesale evasion of … critical limitations on damages relief" that the California legislature has imposed for claims under the Unruh Act. *Garcia v. Maciel*, No. 21-cv-03743-JCS, 2022 WL 395316, at *5 (N.D. Cal. Feb. 9, 2022) (citing *Arroyo*, 19 F.4th at 1213).

The Court similarly declines to exercise supplemental jurisdiction over the Unruh Act claim in this case, where the ADA claim is moot, because it would not further the interest of "economy, convenience, fairness and comity." *Garcia,* 2022 WL 395316, at *5; *see also* 28 U.S.C. § 1367(c)(3) (stating that district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction"). Accordingly, the Unruh Act claim is **DISMISSED WITHOUT PREJUDICE.** The Clerk of Court is directed to close the file in this case.

**SO ORDERED.**

Dated: August 3, 2022

_____
SUSAN VAN KEULEN
United States Magistrate Judge